S93Y1187, S93Y1188. IN THE MATTER OF
RONALD C. LESUEUR.
(441 SE2d 243)

PER CURIAM.

The State Bar of Georgia brought two separate disciplinary proceedings against Respondent Ronald C. Lesueur. In Case No. S93Y1187, the special master found that Scott Kittle retained Respondent to represent him on a charge of driving under the influence, paying him $250 as attorney fees. When Mr. Kittle's case was called for arraignment, the Respondent failed to make an appearance on behalf of his client and failed to notify the court of any anticipated absence. Respondent further failed to file any motions on Mr. Kittle's behalf and did not withdraw from representation upon Mr. Kittle's request. Mr. Kittle subsequently hired Michael Gabel, the complainant in this proceeding, to represent him in the matter. Respondent agreed to pay Mr. Gabel's legal fees for the representation and to return to Mr. Kittle the unearned $250. He did neither.

After Mr. Gabel filed a grievance against Respondent, the Investigative Panel of the State Bar sent Respondent, via United States mail, a Notice of Investigation to his address of record, a post office box. Respondent failed to answer. The Investigative Panel then found that Respondent violated Standards 21, 22, and 23 (withdrawing from representation), 44 (abandoning a legal matter), 45 (b) (knowingly making a false statement of law or fact), 61 (notifying a client of the receipt of funds), 63 (maintaining incomplete client records), 65 (a) (commingling client funds with personal funds), 65 (d) (failing to deposit client funds in a separate trust account and to keep adequate records on such account), and 68 (failing to respond to disciplinary authorities) of Bar Rule 4-102 (d). The Panel also found that Respondent violated Bar Rule 4-104 (mental incapacity and substance abuse). The Investigative Panel determined the appropriate disciplinary sanction against Respondent to be disbarment and sent Respondent, via United States mail to his post office box, a Notice of Discipline indicating such. Respondent filed a rejection to the Notice of Discipline, denying the allegations contained within except for the allegation regarding his failure to respond to disciplinary authorities.

The State Bar then filed a Formal Complaint against Respondent, serving him via United States mail at the same post office box. Respondent failed to answer. Subsequently, the State Bar personally served Respondent by sheriff at an address in Columbus, Georgia. Respondent was served with all the previously filed pleadings and mo-

tions. After no response from Respondent, the State Bar moved for default pursuant to Bar Rule 4-212 (a), this time serving him at the post office address. Respondent failed to respond.

The special master found that Respondent was personally served with the State Bar's Formal Complaint and the Motion for Default, and Respondent did not show cause or excusable neglect for his failure to respond. The special master then granted the State Bar's motion for default, finding the allegations of fact and law conclusive, and recommended that Lesueur be disbarred from the practice of law in Georgia. The review panel agreed, and moves this Court likewise.

In Case No. S93Y1188, Lonzia Ghant retained Respondent to represent her in a divorce proceeding, paying him $175 as attorney fees. Respondent told Ms. Ghant that he would promptly file the final divorce decree on or before a certain date. Respondent failed to file the divorce decree and subsequently ceased all communications with Ms. Ghant.

After Ms. Ghant filed a grievance against Respondent, the State Bar issued a Notice of Investigation, serving Respondent via United States mail at his post office box. Respondent acknowledged service of the Notice of Investigation, but failed to file a response. The State Bar then filed a Formal Complaint, serving Respondent at the post office box, to which Respondent failed to answer. The State Bar then personally served Respondent with a copy of the preceding pleadings and motions at the address in Columbus, Georgia.

Subsequently, the State Bar moved for default, serving Respondent at his post office address. Respondent filed no response. Following a hearing, the special master found that Respondent had violated Standards 4 (engaging in professional conduct involving dishonesty, fraud, etc.), 22 and 23 (withdrawing from representation), 44 (abandoning a legal matter), and 68 (failure to respond to disciplinary authorities). The review panel adopted the special master's findings and conclusion, and has recommended that this Court disbar Respondent from the practice of law in Georgia.

After considering the record in these cases, we adopt the recommendations of the review panel and find that Respondent was personally served with all pleadings and motions in the proceedings. We therefore order that Respondent Ronald C. Lesueur is disbarred from the practice of law in Georgia, and is reminded of his duties under Bar Rule 4-219 (c) to timely notify all clients of his inability to represent them, to take all actions necessary to protect the interest of his clients, and to certify to this Court that he has satisfied the requirements of such rule.

*All the Justices concur.*

DECIDED MARCH 28, 1994.

*William P. Smith III, General Counsel State Bar, Jeffrey R. Davis, Assistant General Counsel State Bar,* for State Bar of Georgia.